**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-MJ-3992-BECERRA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**MOSTAFA HUSSAINI,**

        **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on December 18, 2019, a hearing was held to determine whether defendant **MOSTAFA HUSSAINI** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **MOSTAFA HUSSAINI** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged by criminal complaint, in the Southern District of Florida, with transmitting a communication containing a threat to injure the person of another in violation of Title 18, United States Code, Section 875(c).

2. The weight of the evidence against the defendant is substantial. The government has proffered that in a series of videos posted on the internet the defendant talked about harming or killing Blacks, Whites, Hispanics, Christians and others. In one of the videos, the defendant set a parakeet, whom he had named Jesus, on fire. In another video, the defendant talked about using a knife to remove people's eyes out.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on November 5, 1985 in Afghanistan. The defendant is homeless and has been living in a van. The defendant has indicated that he does not want his parents, who reside in New Jersey, to be contacted. On October 13, 2019, the defendant was released on bond in Glynn County, Georgia and was prohibited from leaving that county without prior permission. The defendant failed to obey that bond condition and was found in the Southern District of Florida at the time of his arrest for the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

4. Based on the defendant's homelessness and his demonstrated failure to obey conditions of bond, the undersigned believes that the defendant would not appear if released on bond. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

5. Based on the defendant's threats to harm or kill people and animals and the defendant setting a parakeet on fire, which indicates the defendant does not have a high regard for life, the defendant constitutes a danger to persons in the community.

The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **18th** day of December, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE